FILED: 10/12/2021 2:19 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 58106088
Reviewed By: Annette Vaughan

CAUSE NO. 210456-C

| | | |
|---|---|---|
| **DEMETRIS HUNTER AND** | § | **IN THE DISTRICT COURT OF** |
| **LISA HUNTER** | § | |
| | § | |
| | § | |
| **v.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY** | § | **260th JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Demetris Hunter and Lisa Hunter, (hereinafter referred to as "Plaintiffs"), complaining of Allstate Vehicle and Property Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $250,000.00.

### PARTIES

2. Plaintiffs are individuals residing in Orange County, Texas.

3. Allstate Vehicle and Property Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service C.T. Corporation System, located at the following address: 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby demands that upon answering this suit, that it answer in its correct legal name and assumed name.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Defendant sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7. Venue is proper in Orange County, Texas, because the Property is situated in Orange County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiffs purchased a policy from Defendant, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

9. The Policy was purchased to insure Plaintiffs' property, (hereinafter referred to as "the Property"), which is located at 612 4th Street, Orange, Texas 77630.

10. Defendant and/or its agent sold the Policy insuring the Property to Plaintiff.

11. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

12. On or about August 27, 2020, Plaintiffs experienced a severe storm-related event which caused substantial damage to the Property, surrounding homes and businesses in the area. The severe storm-event (Hurricane Laura) caused wind damage to the roof, interior and exterior of Plaintiff's property. The Property's damage constitutes a covered loss under the Policy issued by Defendant. Plaintiff subsequently opened a claim and Defendant assigned an adjuster to the claim.

13. Defendant send adjusters to inspect Plaintiffs' property after timely notification of the claim. Defendant's adjusters conducted a substandard investigation and inspection of the Property, prepared a report that failed to include all damages that were observed during the inspection, and undervalued the damages that they did observe and document during the inspection. Defendant's original estimate failed to account for damage to the dining room, including removal and replacement of premium grade paneling, removal and replacement of Snaplock Laminate simulated wood flooring, removal and replacement of 6-inch casing hardwood, removal and replacement of insulation, replacement and removal of crown molding, removal and replacement of sheathing, and textured drywall knockdown. Defendant's original estimate failed to account for damages to two bedrooms, including removal and replacement of premium grade paneling, removal and replacement of insulation, removal and replacement of Snaplock wood flooring, removal and replacement of sheathing, removal and replacement of wood window casement and all other damages to the bedrooms. Additionally, Defendant's original estimate failed to included damages to the master bedroom, including removal and

replacement of wood flooring, removal and replacement of sheathing, and paint necessary for the baseboards. Defendant's original estimate further failed to account for any damage to the utility room, including removal and replacement of packaged gas furnace and AC unit, removal and replacement of drywall, and removal and replacement of insulation. Defendant's original estimate failed to included and/ or undervalued repairs to the living room, including removal and replacement of premium grade paneling, removal and replacement of wood flooring, removal and replacement of crown molding, removal and replacement of wood window casement, and removal and replacement of sheathing. Additionally, Defendant's original estimate failed to account for all damage to the kitchen, including removal and replacement of mortar bed for tile floors, removal and replacement of baseboards, removal and replacement of crown molding, removal and replacement of sheathing, detach and reset cabinetry of the lower base units, removal and replacement of cabinetry for upper wall units, and removal and replacement of ceramic tile.

14. Plaintiff's contractor inspected the property on or about October 1, 2020. In contrast, Plaintiff's adjuster called for repair to damages overlooked by Defendant listed above.

15. Demand was sent by Plaintiff on August 9, 2021, for the full amount of the estimate prepared by Plaintiff's contractor, interest, attorney's fees, and less the deductible.

16. On August 10, 2021, Defendant responded to Plaintiff's demand and reiterated its position of the claim.

17. Defendant managed to ignore evidence of widespread damage to the Plaintiff's interior and exterior. This was despite separate inspections by Defendant's adjuster and Plaintiff's providing a copy of his estimate to Defendant.

18. Defendant's outcome-oriented investigation of Plaintiff's claim resulted in a biased, unfair and inequitable evaluation of his losses to the property. Defendant's subsequent refusal to pay the estimate prepared by Plaintiff's adjuster was based on their outcome-oriented investigation of Plaintiff's property.

## CAUSES OF ACTION

19. Each of the foregoing paragraphs is incorporated by reference in the following:

**Breach of Contract**

20. Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**Prompt Payment of Claims Statute**

21. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq*. of the Texas Insurance Code.

22. Plaintiff, therefore, in addition to Plaintiff's claim for damages, in entitled to 18% interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

**Bad Faith/Deceptive Trade Practices Act ("DTPA")**

23. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

24. Defendant violated Section 541.051 of the Texas Insurance Code by:

    A. making statements misrepresenting the terms and/or benefits of the policy.

25. Defendant violated Section 541.060 by:

    A. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

<ol start="2" style="list-style-type: upper-alpha">
<li></li>
</ol>

B. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

C. failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

D. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

E. refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

26. Defendant violated Section 541.061 by:

A. making an untrue statement of material fact;

B. failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

C. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

D. making a material misstatement of law; and

E. failing to disclose a matter required by law to be disclosed.

27. At all material times hereto, Plaintiffs was a consumer who purchased insurance products and services from Defendant.

28. Defendant has violated the Texas DTPA in the following respects:

A. Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

B. Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

C. Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

29. Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**Attorney's Fees**

30. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

31. Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because they are represented by an

attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

32. Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## DAMAGES

33. Plaintiffs seek monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $250,000.00 but less than $1,000,000.00.

## COMPEL MEDIATION

34. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

35. Plaintiff demands a jury trial, consisting of citizens residing in Orange County, Texas, and tenders the appropriate fee with this Original Petition.

## CONCLUSION

36. Plaintiffs pray that judgment be entered against Defendant and that Plaintiffs be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray they be awarded all such relief to which he is due as a result of the acts of Defendant, and for all such other relief to which Plaintiffs may be justly and rightfully entitled. In addition, Plaintiffs request the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Brandon Schilter*
**James M. McClenny**
State Bar No. 24091857
**J. Zachary Moseley**
State Bar No. 24092863
**G. Brandon Schilter**
State Bar No. 24098388
**McClenny, Moseley & Associates**
1415 Louisiana St, Suite 2900
Houston, Texas 77002
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Brandon@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**